## KOSHER DAIRY COMPANY v. THE NEW YORK, SUSQUE-HANNA AND WESTERN RAILROAD COMPANY, NEW JERSEY AND NEW YORK RAILROAD COMPANY AND ERIE RAILROAD COMPANY.

Argued November 2, 1910—Decided February 27, 1911.

The General Railroad law (*Pamph. L.* 1903, *p.* 663, § 35) prescribes the duty of giving signals by bell or whistle in the alternative and does not demand the doing of both.

On appeal from District Court of Hoboken.

Before Justices GARRISON, SWAYZE and VOORHEES.

For the appellants, *Collins & Corbin.*

For the appellee, *William B. Stiles.*

The opinion of the court was delivered by

VOORHEES, J.   This appeal from the District Court of Hoboken brings under review a judgment entered for the plaintiff on the verdict of a jury for $325.

The suit was instituted to recover damages for the killing of three cows of a herd of nine while being driven across a grade crossing of the defendant railroad company.

Irrespective, however, of the proof of primary negligence of the defendant, or of contributory negligence of the plaintiff, the judgment must be reversed, for the refusal to charge the defendant's requests.

The following requests to charge were refused, such refusal having been specified as grounds for reversal.

"If the bell on the engine was ringing at a distance of more than nine hundred feet from the crossing, and continued until the crossing was passed, there can be no recovery by the plaintiff."

"If the whistle on the locomotive which struck the cows was sounded at least three hundred yards from the crossing, and at intervals until the engine crossed the highway, there can be no recovery by the plaintiff."

Each request accords with the requirements of the General Railroad law. *Pamph. L.* 1903, *p.* 663, § 35.

The court charged in effect, and must have been so understood by the jury, that the duty prescribed consisted of the blowing of the whistle and also the ringing of the bell; that if the defendant did both, this is all the law requires, and the verdict should be for the defendant.

The statute prescribes the duty in the alternative, and does not demand the doing of both. *New York, &c., Railroad Co.* v. *Leaman,* 25 *Vroom* 202.

The requests were proper and embodied a correct statement of law applicable to the issue and should have been charged. For this reason the judgment must be reversed. *Scott* v. *Mitchell,* 12 *Vroom* 346; *Van Vehten* v. *New York and New Jersey Telephone, &c., Co.,* 42 *Id.* 45.

Let the judgment be reversed and a new trial granted.